(No. 12761.—Judgment affirmed.)

THE WALLDREN EXPRESS AND VAN COMPANY, Plaintiff in Error, *vs.* FRED KRUG, Defendant in Error.

*Opinion filed February 18, 1920.*

1. NEGLIGENCE—*on motion to direct a verdict, evidence for opposite party must be taken as true.* On a motion to direct a verdict the most favorable evidence for the party against whom the motion is made must be accepted as true and must be given the most favorable interpretation which it will bear.

2. SAME—*when same degree of care is required of a minor as of an adult.* The same degree of care to protect himself from injury by the traffic in a public street is required of a minor as of an adult where the minor is old enough to know the character of the traffic in the street in question and the danger from automobiles and other vehicles.

3. SAME—*when ordinance to prevent playing in public streets will not be considered on question of contributory negligence.* If the declaration alleges that the defendant wantonly and recklessly ran its automobile into the plaintiff, who was playing ball in a public street, the question whether an ordinance of the city prohibited such a game will not be considered on the issue of contributory negligence, where there is evidence requiring the submission to the jury of the question of wanton negligence by the defendant.

4. SAME—*when contributory negligence of plaintiff is not material.* If the facts shown by the evidence establish the truth of the

allegation that the defendant carelessly, recklessly and wantonly ran its automobile upon and against the plaintiff, the contributory negligence of the plaintiff does not relieve the defendant from liability for its wanton negligence.

5. SAME—*when question of wantonness of defendant's negligence is for the jury.* Where there is any evidence in the record fairly tending to show such a gross want of care on the part of the defendant as indicates a willful disregard of consequences or a willingness to inflict injury, whether the negligent conduct of the defendant amounts to wantonness is a question of fact to be determined by the jury.

6. SAME—*when the negligence amounts to constructive or legal willfulness.* An intentional disregard by one person of a known duty necessary to the safety of the person or property of another and an entire absence of care for the person or property of others, such as exhibits a conscious indifference to consequences, make a case of constructive or legal willfulness such as charges the person whose duty it was to exercise care with the consequences of willful injury.

7. SAME—*words "wanton," "wantonly" and "wantonness," and "willful," "willfully" and "willfulness," are synonymous.* In cases involving negligence, the words "wanton," "wantonly" and "wantonness," and "willful," "willfully" and "willfulness," are used to express the same general idea.

8. SAME—*what is implied in a charge of wantonness.* A charge of wantonness implies an act intentionally done in disregard of another's rights and not a mere negligent omission of duty, and where the declaration contains such a charge it is not error to refuse to instruct the jury that there can be no recovery for willful or wanton negligence on the ground that the declaration does not use the word "willful."

9. TRIAL—*when it is not error to overrule motion to continue because of prejudicial evidence which was stricken.* Where the plaintiff was hit by an automobile truck while he was playing ball in a public street and a witness is asked at the trial what he saw the truck do, and answers that it came near striking another boy before it reached the block where the game was in progress, (which answer was stricken upon objection,) it is not error to overrule a motion to continue the cause on the ground that the prejudicial effect of the answer could not be cured by striking it out.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

JOHN A. BLOOMINGSTON, for plaintiff in error.

QUIN O'BRIEN, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Fred Krug, a boy just under fifteen years old, while playing ball in a street in the city of Chicago was run over by an automobile truck of the Walldren Express and Van Company and was seriously injured and permanently crippled. He recovered a judgment for $12,500 damages, which the Appellate Court affirmed, and a writ of *certiorari* was allowed to review the record. The plaintiff in error claims a reversal on the grounds that the court should have directed a verdict for the defendant; that the court erred in giving and refusing instructions; that the plaintiff's counsel made improper argument to the jury, and that the court should have continued the case because of the admission of improper evidence, which striking out would not cure.

The accident occurred on March 31, 1916, at or immediately after sunset, about a quarter past six. Fred Krug and half a dozen other boys were playing ball in Thomas street, which runs east and west, in the block between Western avenue on the east and Campbell avenue on the west. In the game of scrub which they were playing there were two batters, a pitcher, catcher, first baseman and left and right fielders. They were playing all the bases, but the second and third were unguarded. The home plate was the brush part of a broom in the center of the street, about in the middle of the block. Second base was a flattened tin can in the center of the street 67 feet further west. First and third bases were sewer covers on the north and south sides of the street, respectively, about half-way between home and second. The street was paved with asphalt, 30 feet wide, and the neighborhood was a thickly-built-up residential district. Fred Krug was one of the batters. The other

had struck and was on first base when Fred made a long hit over second base and over the heads of the fielders. He started to make a home run and did so, reaching the home plate only three or four feet behind the runner who had been on first, and was immediately struck from behind by the automobile truck, which had been driven swiftly behind him on the left side of the street and which he had failed to notice. Campbell avenue was 327 feet west of the home plate, and in the next block west of Campbell avenue another game of ball was in progress in Thomas street, through which the truck had been driven before reaching Campbell avenue. The truck had been to Oak Park making a delivery and the driver was trying to get back to the garage by six o'clock, quitting time. There was evidence that the truck was equipped with a governor which made a greater speed than fourteen miles an hour impossible, that no test had been made of its effectiveness for two years, and that if it got out of order the speed would be reduced still more. There was a conflict in the evidence as to the speed of the truck, but on a motion to direct a verdict the most favorable evidence for the party against whom the motion is made must be accepted as true and the most favorable interpretation to him which it will bear must be given to the evidence. The case must therefore be considered upon the hypothesis that there were no other vehicles on the street; that the automobile was driven at a speed greatly in excess of the lawful limit, on the left side of the street; that the driver saw the boys playing ball in the street before the automobile reached Campbell avenue and had full knowledge that the boys were in the street in the path of the automobile and that the defendant in error was making the round of the bases at full speed, paying no attention to the automobile; that the machine was running much faster than the boy, and that there was no slackening of speed, no warning, and no effort to avoid the collision as he came diagonally across from third base, although it was apparent that a col-

lision was imminent. A city ordinance which the plaintiff in error claims to be applicable provided that no person should engage in any game, sport, amusement, performance or exhibition on any street, public way or sidewalk in the city. The plaintiff in error contends that the defendant in error was guilty of contributory negligence as a matter of law and that there is no evidence that the injury was willful and wanton.

The defendant in error was old enough to know, and the evidence shows that he did know, the character of the traffic in Thomas street, the danger from automobiles and other vehicles, and there is no reason to excuse him from the same degree of care for his own safety which is required of an adult. His counsel insists that the ordinance which has been referred to did not prohibit the game in which he and his companions were engaged. We shall not consider that question, because in our judgment, whether the ordinance prohibited the game or not and whether the defendant in error was guilty of contributory negligence or not, the evidence required the submission to the jury of the wanton negligence of the defendant. One count of the declaration charged that the defendant failed to stop its automobile when danger was imminent and carelessly, recklessly and wantonly ran it upon and against the plaintiff. If the facts shown by the evidence established the truth of this averment, the contributory negligence of the plaintiff would not relieve the defendant from liability for its wanton negligence. (*Heidenreich* v. *Bremner,* 260 Ill. 439; *Illinois Central Railroad Co.* v. *Leiner,* 202 id. 624; *Wabash Railroad Co.* v. *Speer,* 156 id. 244; *Lake Shore and Michigan Southern Railway Co.* v. *Bodemer,* 139 id. 596.) Whether the negligent conduct of a defendant which has resulted in injury to another amounted to wantonness is a question of fact to be determined by the jury, if there is any evidence in the record fairly tending to show such a gross want of care as indicates a willful disregard of consequences or a

willingness to inflict injury.  (*Lake Shore and Michigan Southern Railway Co.* v. *Bodemer, supra.*)  An intentional disregard of a known duty necessary to the safety of the person or property of another and an entire absence of care for the life, person or property of others, such as exhibits a conscious indifference to consequences, make a case of constructive or legal willfulness such as charges the person whose duty it was to exercise care with the consequences of a willful injury.  (1 Thompson on Negligence, secs. 20, 22.)

There was evidence from which the jury might have found that when Krug turned east at second base the automobile was 200 feet west of him, coming east at a high speed on the north side of the street, which was its left; that from second base he ran first southeast to third base, then northeast to the home plate, having his back all the time to the automobile; that he was all the time in full view of the persons in the automobile; that they saw him but did not sound the horn, slacken speed or make any effort to avoid the collision until just before it occurred, when the machine swerved slightly to the left; that with full knowledge that a collision was imminent they deliberately failed to make any effort to avert it and avoid injuring the plaintiff.  In this view of the facts the jury might well have concluded that the conduct of the driver showed that conscious indifference to consequences and deliberate purpose not to exercise any care, however apparently necessary for the safety of the boy, which charges his employer with the consequences of a willful injury.  In such case, although the plaintiff is guilty of negligence he can recover if the defendant could have avoided the injury by the exercise of ordinary care.  The extent of the plaintiff's negligence is not material in such case.  (*Lake Shore and Michigan Southern Railway Co.* v. *Bodemer, supra.*)  In *Chicago West Division Railway Co.* v. *Ryan,* 131 Ill. 474, we quoted and approved the following statement of this doctrine in Sherman & Redfield on Negligence, (vol. 1, 4th ed.

sec. 99) : "The plaintiff should recover, notwithstanding his own negligence exposed him to the risk of injury, if the injury of which he complains was proximately caused by the omission of the defendant, after having such notice of the plaintiff's danger as would put a prudent man upon his guard, to use ordinary care for the purpose of avoiding such injury. It is not necessary that the defendant should actually know of the danger to which plaintiff is exposed. It is enough if he has sufficient notice or belief to put a prudent man on the alert and he does not take such precautions as a prudent man would take under similar notice or belief."

The plaintiff in error has called our attention to alleged inconsistencies in and contradictions of the testimony of the witnesses for the defendant in error and has argued the credibility of the testimony, but all this argument was only a waste of time, for the facts are not open to review here.

There was no error in refusing to direct the verdict.

The declaration does not use the word "willful," and the plaintiff in error insists that the charge that the defendant "carelessly and recklessly and wantonly ran said automobile upon and against the plaintiff" is simply a charge of ordinary negligence and not of willful conduct. In the cases which have been heretofore cited, and others, and in text books, the words "wanton," "wantonly" and "wantonness," "willful," "willfully" and "willfulness," have been used to express the same thing. Sometimes the expression has been "wanton and willful," sometimes "wanton or willful," sometimes "wanton" and sometimes "willful," but whenever an effort has been made to explain the meaning of the expressions used, it is apparent that all are used to express the same general idea. Thus, in *Lake Shore and Michigan Southern Railway Co.* v. *Bodemer, supra:* "What is meant by 'such gross negligence as evidences willfulness?' It is 'such a gross want of care and regard for the rights of others as to justify the presumption of willfulness or

wantonness.'—2 Thompson on Negligence, 1264, sec. 52." Again, in the same case: "What degree of negligence the law considers equivalent to a willful or ·wanton act is as hard to define as negligence itself." In *Chicago City Railway Co.* v. *Jordan,* 215 Ill. 390, we said: "Where there is a particular intention to injure, or a degree of willful or wanton recklessness which authorizes a presumption of an intention to injure generally, the act ceases to be merely negligent and becomes willful or wanton. In such a case there may be an actual intent to injure or such a conscious or intentional disregard of the rights of others as to warrant a conclusion that an injury was intended." A charge of wantonness implies an act intentionally done in disregard of another's rights, designed and intentional mischief, and not a mere negligent omission of duty. There was no error, therefore, in the refusal to instruct the jury that there could be no recovery on the ground of willful or wanton negligence or that the plaintiff was guilty of contributory negligence. Neither was it error to instruct the jury as to the care required of the driver of an automobile on a public street.

Objection is made to the argument of counsel for the defendant in error made to the jury, but we do not find in it any just reason for complaint.

The first witness examined at the trial having stated that he saw the truck just west of Campbell avenue, going east, was asked what he saw the truck do, and answered that it came near striking a boy named Bingo, at Campbell avenue. The defendant objected, the court sustained the objection, the defendant moved the court to withdraw a juror and continue the cause because the prejudicial effect of the answer could not be cured by striking it out, and insists that it was error for the court to overrule the motion. We do not agree with him.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*