Mildred Nosko, a Minor, by Samuel Nosko, her Father and Next Friend, Defendant in Error, v. C. J. O'Donnell, Plaintiff in Error.

Gen. No. 34,723.

546

Heard in the first division of this court for the first district at the October term, 1930. Opinion filed March 23, 1931. Rehearing denied April 6, 1931.

JOHN A. BLOOMINGSTON and JAMES A. TRACY, for plaintiff in error.

GALLAGHER, ROSENBERG & RICHTER, for defendant in error.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is a writ of error by defendant to reverse a judgment for $7,000 in favor of the plaintiff, entered on the verdict of a jury in an action on the case for personal injuries, motions for a new trial, to set aside an answer to an interrogatory and in arrest having been overruled.

The declaration was in six counts, in the first of which plaintiff charged in substance that on September 3, 1926, defendant owned, controlled and was driving a certain motor truck on Elston Avenue (a public highway in the City of Chicago, running northwest and southeast) and near its intersection with another public highway, Central Avenue, which ran north and south; that plaintiff was a child of 10 years of age and was riding as a guest in a Ford automobile driven and operated by another person in a northwesterly direction along said Elston Avenue and which turned and was driven in a southerly direction over Central Avenue; that plaintiff was in the exercise of due care, and that defendant so carelessly drove and managed the motor truck that the same ran into the Ford car with great force and violence, injuring plaintiff. Other counts alleged negligence of defendant in driving at a dangerous rate of speed, in driving his truck carelessly on the left of the center of Elston Avenue, in failing to diminish the speed as he approached the crossing and in driving at a speed in excess of 15 miles an hour, contrary to the statute.

The sixth count charged that defendant "wilfully and wantonly drove and operated his said motor truck at a high and dangerous rate of speed, to wit, . 25 miles an hour, to the left of the center of said Elston Avenue and up to and across the intersection" without diminishing the speed, sounding a horn or giving any warning.

At the close of the evidence and after giving instructions, the court at the request of plaintiff and over the objection of defendant submitted to the jury this interrogatory: "Was the defendant Charles J. O'Donnell guilty of wanton and wilful negligence?" The jury returned an affirmative answer to said interrogatory.

Defendant insists that there is no evidence to justify the special finding; that the so-called wilful count will not support a judgment; that the interrogatory was improper in form and not supported by the declaration, and that the court erred in giving and refusing instructions. The last is, in our opinion, the controlling question in the case.

In instructing the jury the court proceeded upon the theory that there was evidence tending to support the sixth count of the declaration, which charged that defendant was guilty of wilful and wanton conduct. At the request of plaintiff the court instructed:

"The jury are instructed that as to the charge in the sixth count of the declaration, of wanton and wilful negligence, that an intentional disregard of a known duty necessary to the safety of the person and property of others and an entire absence of care for the life, person and property of others, such as exhibits a conscious indifference to the consequences, makes a case of constructive or legal wilfulness such as charges the person whose duty it was to exercise care with the consequences of a wilful injury, but the jury are further instructed that the court does not mean to express an opinion as to whether the defendant was guilty of

negligent conduct as charged in the declaration or whether such negligent conduct, if any, amounts to wantonness and wilfulness but those questions as to negligent conduct and as to whether the negligent conduct would amount wantonness and wilfulness are questions entirely for the jury to determine from all the circumstances, facts and evidence in proof in this case.''

By another instruction, given at the request of defendant, the court told the jury:

'' . . . ordinary care and prudence is the exercise of the care which every person of common prudence bestows upon his or her affairs or concerns, and the prudence and the vigilance which reason and law require a person to exercise for his or her own safety, must be proportionate to the danger and exercise with reference to the situation and position which such person is about to take or in which such person finds themselves or herself, and in this case, if the plaintiff by the exercise of such degree of care on his part at and just before the time of the happening of the accident in question, would have avoided or escaped the injury, then the plaintiff cannot recover in this case, and your verdict should be not guilty.''

By another instruction, given at the request of plaintiff, the jury was told in substance that although defendant was guilty plaintiff could not recover unless she was in the exercise of care for her own safety.

It therefore appears that the court at the request of plaintiff instructed the jury upon the theory that there was evidence tending to sustain the sixth count of the declaration, which charged wilfulness and wantonness; that thereafter the court at the request of both parties gave instructions which entirely disregarded that theory, and that these instructions having been given, the court, over the objection of defendant, submitted to the jury a special interrogatory upon the

theory that there was some evidence in the record tending to sustain the count charging wilfulness and wantonness. There was no instruction which explained to the jury the fundamental differences, from the viewpoint of the law, of a case based upon a count which charged wilfulness and wantonness and one based upon mere negligence. It is error to submit such an interrogatory or to give such an instruction where there is no evidence from which the jury can reasonably find that defendant is guilty under a wilful and wanton count. *Chicago City Ry. Co. v. Jordan,* 215 Ill. 390; *Aurora, E. & C. Ry. Co. v. Gary,* 221 Ill. 29.

Are there facts here from which a jury could reasonably have found defendant guilty as charged in the sixth count? The facts which appear are that the accident occurred on September 3, 1926, at or near the intersection of Elston Avenue and Central Avenue. Defendant at that time was driving an empty two and a half ton truck southeast on Elston Avenue. Plaintiff, a child of 10 years, was riding in the rear seat of a Ford automobile driven by her father. Her father and mother rode in the front seat. The Ford automobile was being driven northwest on Elston Avenue, and the evidence for plaintiff tends to show that the father just as he drove on the crossing stopped for a moment at a cement strip of ground on Central Avenue, held out his hand, sounded his horn and then turned south in Central Avenue at a speed of two or three miles an hour; that he made the turn and was going south in Central Avenue and when just at the south edge of the cement paving the Ford automobile was struck on the right side by defendant's truck; that the wheels were broken and the automobile pushed sidewise a distance of about 35 feet; that about the time the automobile was turned, the truck was something like 150 or 200 feet away and was proceeding at a speed of 20 to 30 miles an hour.

The evidence for plaintiff tends to show further that defendant did not slacken his speed after approaching the intersection, while the evidence for defendant is to the effect that there was a truck ahead of the Ford automobile going northwest on Elston Avenue, and that as this truck was about to pass defendant's truck, the automobile in which plaintiff was riding suddenly turned to the left from behind this other truck and in front of defendant's truck and that the collision occurred under these circumstances.

The question of whether defendant was negligent was under such facts clearly a question for the jury. It is not urged by defendant that the verdict of the jury is in this respect against the weight of the evidence.

However, the question of whether there was any evidence from which the jury could reasonably find that the conduct of defendant was wilful and wanton presents an entirely different question. The distinction between conduct which is wilful and wanton and negligence which is not wilful and wanton, is not easy to define. It is well settled, however, that causes of action based upon the one differ fundamentally in their nature and legal consequences from causes of action based upon the other. *Robbins v. Illinois Power & Light Corp.*, 255 Ill. App. 106. Thus contributory negligence, which is a complete defense to an action for mere negligence, is no defense at all where the cause of action is based upon conduct which may properly be defined as wilful and wanton. Further, exemplary or punitive damages may be allowed in an action based on wilful and wanton conduct but may not be allowed in an action brought for mere negligence. Primarily, the words "wilful and wanton" convey the thought of intentional injury, and this is undoubtedly the reason that contributory negligence is not allowed as a defense to an action charging facts which con-

552

stitute wilfulness and wantonness. This does not mean that there must be proof that defendant was actuated by ill will (*Illinois Cent. R. Co. v. Eicher,* 202 Ill. 556), but a consideration of the cases discloses that the conduct which in law will be held wilful and wanton must be either such conduct as intentionally inflicts an injury or conduct which ethically, under the facts and circumstances appearing, is the equivalent thereof. 20 R. C. L., section 15; 45 Corpus Juris, sections 37–49.

From the recent cases in our Supreme Court (most of which are cited by plaintiff) we gather there are at least four different classes of conduct which may properly be regarded as wilful and wanton, namely (1) where defendant has inflicted an intentional injury; (2) where defendant has failed to exercise ordinary care when a known and extraordinary danger is imminent (*Walldren Express & Van Co. v. Krug,* 291 Ill. 472); (3) where a defendant through recklessness, regardless of the danger to another, has carelessly failed to discover an extraordinary and impending danger which could have been discovered by the exercise of ordinary care (*Brown v. Illinois Terminal Co.,* 319 Ill. 326); (4) carelessness so gross in its nature as to indicate a mind reckless and regardless of consequences (*Bremer v. Lake Erie & Western R. Co.,* 318 Ill. 11). These cases further hold that ordinarily the question of whether a defendant is guilty under a wilful and wanton count is a question for the jury, provided there is any evidence in the record from which a jury can reasonably find that defendant is guilty of such conduct.

The parties to this cause have made statements of fact, as hereinbefore recited, but neither party has stated any facts from which a jury could reasonably find this defendant to be guilty of wilful and wanton conduct. There is, of course, no evidence of an injury intentionally inflicted. It is asserted (although with-

out reference to any place in the abstract from which it can be verified) that defendant was driving his truck on the wrong side of the street; but that fact, if it is a fact, is not shown to have been in any way the cause of the accident. Proof was offered tending to show that defendant was driving his truck at a speed of 25 miles or more per hour, but no evidence was introduced tending to show that such speed for an empty truck, under circumstances which the evidence here discloses, was unusual. There is no statement of any other fact from which the quality of wilfulness and wantonness in the conduct of defendant can be inferred. The question of wilfulness and wantonness, as we have already pointed out, was taken out of the case by instructions given at the request of both parties which entirely disregarded it. In *Chicago City Ry. Co. v. Jordan,* above cited, the trial court submitted several interrogatories, one of which was as to whether the defendant's servants were guilty of wantonness or recklessness in driving and managing the car in question, and also gave at the request of the plaintiff two instructions authorizing a recovery on the theory of wilful or wanton injury. The Supreme Court held that there being no evidence upon which to base either the instructions or the interrogatories, it was erroneous to give them.

We think, too, the form of the interrogatory as to wilful and wanton conduct was objectionable in that it did not submit to the jury for its determination an ultimate fact arising under the pleadings (*Chicago and Northwestern Ry. Co. v. Dunleavy,* 129 Ill. 132), or probative facts from which the ultimate facts would necessarily result. The instruction and the interrogatory both tended to confuse the jury in regard to the issues of fact which they were required to decide. We have already stated that the legal distinction between actions for mere negligence and actions for wilful and wanton conduct is clear and fundamental. A

declaration may properly include counts for both causes of action, but in such case the instructions to the jury should clearly and plainly point out the distinction between these causes of action, and unless this is done confusion is certain to result. We hold that as there was no evidence submitted to the jury from which they could reasonably find the conduct of defendant to be wilful and wanton, it was error for the court to instruct the jury upon that theory, and that the interrogatory should not have been submitted to the jury.

There were other instructions requested by defendant but refused by the court which should have been given. The court was requested by defendant to instruct the jury:

". . . that the plaintiff is required by law to prove her case by a preponderance of the evidence before she can recover. If the plaintiff in this suit has not so proved her case or if the evidence is evenly balanced so that the jury are in doubt and unable to say on which side is the preponderance of the evidence, or if the preponderance of the evidence is in favor of the defendant, then in either of these cases the verdict should be not guilty."

It was held error to refuse this instruction where the subject matter of it was not covered by any other in *Chicago Union Traction Co. v. Mee,* 218 Ill. 9, 14. We find no other instruction given here which covers fully the subject matter of this one. See also *Horne v. Walton,* 117 Ill. 130, 136, and *Johnson v. Gustafson,* 233 Ill. App. 216.

Defendant also contends that the court erred in refusing to give as requested by defendant an instruction that the marring of personal appearance and humiliation resulting from the contemplation of bodily disfigurement are not elements entering into computation of pecuniary damages for personal injuries sustained by reason of alleged negligence, and it is asserted that the question of law raised by the refusal of the court

to give the instruction "has never been put squarely to the Supreme Court." Defendant says the question was not before the court at all in *Chicago City Ry. Co. v. Smith*, 226 Ill. 178. We do not so construe that case. Moreover, the question was passed on in *Fitzgerald v. Davis*, 237 Ill. App. 488, and we adhere to that decision.

For the errors pointed out the judgment of the trial court is reversed and the cause is remanded for another trial.

*Reversed and remanded.*

McSurely and O'Connor, JJ., concur.