MARGUERITE COX v. TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, a Corporation, Appellant.—55 S. W. (2d) 685.

Division One, December 20, 1932.

*T. M. Pierce, J. L. Howell* and *Walter N. Davis* for appellant.

912

*Everett J. Hullverson* and *Allen, Moser & Marsalek* for respondent.

GANTT, J.—Action for damages for personal injuries. An automobile in which plaintiff was riding collided with moving cars of defendant at a public crossing in Illinois. The petition alleged personal injuries to plaintiff and charged that the collision and said injuries were caused by eleven specific acts of negligence on the part of defendant.

The answer denied generally the allegations of the petition, charged plaintiff with contributory negligence, and alleged that under pleaded decisions of the Supreme Court of Illinois, a person guilty of contributory negligence could not recover for injuries caused by the negligence of a defendant. It further alleged that an ordinance, a violation of which was relied upon by plaintiff, was void under pleaded decisions of said court.

The reply was a general denial. It then pleaded decisions of the courts of Illinois which involved collisions between automobiles or other vehicles and a train, cars or locomotive at, near or on a public railroad crossing.

Defendant requested instructions withdrawing from the jury each of the eleven assignments of negligence. The court gave three of the withdrawal instructions. Plaintiff only requested an instruction on the measure of damages, which was given. The other assignments of negligence were submitted as grounds for recovery without instructions advising the jury of plaintiff's theory of the case. Judgment was for plaintiff. Defendant appealed. The St. Louis Court of Appeals reversed the judgment and remanded the cause on the ground that the trial court erred in refusing defendant's instruction withdrawing from the jury the assignment of negligence under our humanitarian rule. It held that plaintiff could not recover under said assignment of negligence for an injury sustained in Illinois. On the dissent of a judge of said court the case was certified to this court. [Cox v. Railroad, 43 S. W. (2d) 571.] It is here for review on all assignments of error. However, the statement of the case by the Court of Appeals and its rulings on other assignments of error are not challenged in this court. Even so, we have examined the record and briefs and hold that the Court of Appeals correctly stated the facts and correctly ruled the other assignments of error. Therefore, we adopt, as the opinion of this court, the statement of facts made by said court and its rulings on said assignments of error. ▮ It follows that the only assignment of error for consideration by this court is the assignment on the refusal to withdraw from the jury the specification

of negligence under our humanitarian rule. Of course, the question must be determined under the law of Illinois. In doing so we have stated our duty as follows:

"Again, this is an action strictly on the laws of the State of Kansas for damages for death by a wrongful act, which statutes, under our own liberal laws, are enforceable in this State on the foot of comity. [R. S. 1899, sec. 547; Laws 1905, p. 95; Lee v. Railroad, 195 Mo. 400; McGinnis v. Foundry Co., 174 Mo. 225; Root v. Railroad, 195 Mo. 348.] In this connection we observe: Our statutes (Sec. 547, Laws of 1905, p. 95, supra), opening the doors of our courts to causes of action accruing under laws of our sister States, are legislative declarations of comity. Comity, in a legal sense, is complaisance, courtesy, the granting of.a privilege, not of right but of good will. [Black's L. Dict.—tit. 'Comity'.] Now, in reason, courtesy in that behalf has its useful limitations—it may not run riot, it goes circumspectly. It must be courtesy in fact as well as name. Some such limitations are: (1) No case under the *lex loci*, then no case under the *lex fori;* and the supplement, viz.: a case under the *lex loci* then one under the *lex fori* (possibly barring actions on status strictly penal) ; (2) in administering the substantive laws of a sister State we administer *them*, not our own; and (3) we should not administer them either more or less blandly than do our sister's courts. This in order, on the one hand, to not refuse jurisdiction by a too sour or cold complexion or to repel it by corroding our sister's law; or, on the other hand, to not toll, entice and coax jurisdiction from our sister's courts—thereby (under a mask of courtesy) draining jurisdiction away from them by an enlarged and alluring interpretation in our own." [Newlin v. Railroad, 222 Mo. 1. c. 391, 121 S. W. 125.]

Defendant contends that the assignment of negligence under our humanitarian rule was not a ground for recovery under the law of Illinois.

Plaintiff contends "that the allegation and proof of a cause under the Missouri humanitarian doctrine is legally equivalent to an allegation of willfulness, wantonness and recklessness and confers a right of recovery under either our law or the law of Illinois."

We agree with the St. Louis Court of Appeals that the allegation and proof of a case under our humanitarian rule does not confer a right of recovery under the law of Illinois, but for reasons as follows:

■ Under our humanitarian rule we hold as a matter of law that a failure to exercise ordinary care to avoid injury after the discovery of peril, or after it should have been discovered by the exercise of due care, is wantonness, willfulness and recklessness. [Everett v. Railroad, 214 Mo. 54, 1. c. 94, 112 S. W. 486; Bobos v. Krey Packing

Co., 317 Mo. 108, l. c. 117, 118, 296 S. W. 157.] The failure to exercise ordinary care under such circumstances is not "mere negligence" as those words are used by the courts of Illinois in defining wantonness and willfulness.

■ Under the law of Illinois the question of wantonness, willfulness and recklessness is for the determination of the jury under all the facts and circumstances in evidence on that issue. All of the decisions of that state so hold. The question arises in the Illinois cases on defendant's contention that there was no substantial evidence of wantonness, willfulness and recklessness. [Brown v. Ill. Terminal Co., 319 Ill. 326; Jeneary v. Traction Co., 306 Ill. 392, l. c. 397, 398; Ill. Cen. Railroad Co. v. Leiner, 202 Ill. 624, l. c. 629-632; Chicago City Ry. Co. v. Jordan, 215 Ill. 390, l. c. 391-397; Kalinski v. Williamson County Coal Co., 263 Ill. 257, l. c. 265; Heidenreich v. Bremner, 260 Ill. 439, l. c. 446-449; Walldren Express Co. v. Krug, 291 Ill. 472, l. c. 476-479; Lake Shore & M. S. Ry. Co. v. Bodemer, 139 Ill. 596, l. c. 606-612.]

In this case it was charged that defendant could have stopped the cars, lessened the speed thereof, or given a warning of approach and thereby avoided the injury. In Chicago B. & Q. Railroad Co. v. Murowski, 179 Ill. 77, l. c. 80, it was said:

"It is next claimed that the court erred in refusing instruction No. 21 asked by the defendant. This instruction directed the jury, as a matter of law, that although they might believe defendant omitted to ring the bell or sound the whistle at the time of the accident, such omission was not evidence of willful or wanton conduct on the part of defendant. Whether the defendant was guilty of willful or wanton conduct or gross negligence was purely a question of fact for the jury to determine from all the evidence introduced by the respective parties bearing upon that point in the case, and it was not the province of the court to inform the jury that some particular fact in the case was conclusive of that question."

■ Furthermore, under the law of Illinois, the negligence of defendant prior to a situation of peril may be considered by the jury in determining the question of wantonness, etc. [Heidenreich v. Bremner, 260 Ill. 439, l. c. 449; Lake Shore & M. S. Ry. Co. v. Bodemer, 139 Ill. 596, l. c. 607-611.] ■ Under our humanitarian rule "no duty whatever arises under that doctrine, unless and until a situation of peril comes into existence; and that when such peril arises the doctrine seizes upon the situation as it then exists and requires the one operating the dangerous instrumentality to exercise ordinary care in certain respects—to make timely discovery of the peril, if it was his duty to be on the lookout, and thereafter to avoid the infliction of the threatened injury, if he can do so with the means at

hand and without jeopardizing the safety of himself and others." [State ex rel. Fleming v. Bland, 322 Mo. 565, 15 S. W. (2d) 798, l. c. 800-801.] ■ Of course, under the law of Illinois, a defendant is not required to anticipate the presence of a trespasser or licensee. [Morgan v. N. Y. C. Railroad Co., 327 Ill. 339; Teitsort v. Ill. Cen. Railroad Co., 15 S. W. (2d) 779; Ill. Cen. Railroad Co. v. Eicher, 202 Ill. 556; Thompson v. Railroad, 226 Ill. 542.]

■ Plaintiff next contends that three instructions directing a verdict for defendant, if plaintiff or her driver was guilty of contributory negligence, barred recovery under our humanitarian rule, and for that reason the refusal of defendant's instruction withdrawing from the jury the assignment of negligence under said rule was harmless. We adopt defendant's answer to this contention, which follows:

"It is evident that the court did not advise the jury that plaintiff could not recover on the allegation in her petition hypothesizing the Missouri humanitarian doctrine, which was left open. Thus, the open assignments of negligence were within the scope of plaintiff's right of recovery and permitted her counsel to argue and licensed the jury to find that, notwithstanding her negligence or that of Brown, the humanitarian doctrine was a live issue and that if defendant discovered or ought to have discovered plaintiff's peril in time to have averted the injury by·the exercise of ordinary care, defendant was liable notwithstanding the negligence of plaintiff or that of Brown. The case then stood before the jury as though plaintiff offered and the court gave to the jury an instruction to find for plaintiff on each and every assignment of negligence in the petition not specifically by instruction withdrawn from the jury's consideration. This was tantamount to a conflict between the open assignments of negligence, including the humanitarian doctrine, and defendant's instructions hypothesizing plaintiff's and Brown's negligence. If such conflict existed, of which we entertain no doubt, then any benefit to be derived from defendant's instructions as to plaintiff's and Brown's negligence was dissipated. It results that it is impossible to tell what theory the jury followed in reaching their verdict."

It follows that the judgment should be reversed and the cause remanded. It is so ordered. All concur.