KATHRYN McCARTY, RESPONDENT, v. LORENE BISHOP, APPELLANT.—
102 S. W. (2d) 126.

Kansas City Court of Appeals. January 11, 1937.

606

*J. Francis O'Sullivan, John M. P. Miller* and *Maurice J. O'Sullivan* for respondent.

*O. H. Stevens* of counsel.

*Morrison, Nugent, Wylder & Berger, Charles C. Byers* and *Ozell M. Trask* for appellant.

SPERRY, C.—Respondent here was plaintiff below, and appellant was defendant. The parties will be referred to herein as plaintiff and defendant, as they were in the circuit court. Plaintiff sued for damages on account of injuries sustained in a motor car collision and obtained a judgment, from which this appeal is prosecuted.

Plaintiff and defendant are sisters and defendant was the owner and operator of a car in which plaintiff was riding in the State of Illinois when she was injured. Defendant carried an insurance policy and insurer is the real party·defending. Illinois had what is known as the "guest law, which both parties agree applies to this case and should be interpreted as interpleted by the courts of that State. The "guest law" precluded recovery in a case of this kind

except for "wilful and wanton misconduct" of defendant: Defendant contends there was a failure of proof of any "wilful and wanton misconduct" whatever, and that, therefore, there should have been a directed verdict.

The evidence on this point is that; just prior to and at the time of the collision, defendant was driving at a speed in excess of fifty miles per hour and was racing with the car with which the collision occurred; that plaintiff vehemently protested against defendant's conduct in passing the car and in her driving as she did; and that defendant utterly disregarded all such protests.

Plaintiff, after verdict, is entitled to the benefit of the most favorable evidence on this point; to have disregarded all unfavorable evidence in connection therewith; and to have the benefit of every favorable inference to be drawn from the evidence. Plaintiff pleaded and offered in evidence certain statutes of the State of Illinois, which provide a fine of $200 for anyone who shall be guilty of racing on any highway in the State, also a number of decisions of the courts of Illinois, construing the guest law of that State. A large number of cases of other States having similar statutes have been cited by both parties. Counsel are to be commended because of the diligence and research evident in their briefs. We think the following, rather lengthy excerpt, quoted by defendant, fairly states the law as gathered from an examination of the decisions from the many States cited, and especially from Illinois:

" 'The question of whether defendant was negligent was under such facts clearly a question for the jury. It is not urged by defendant that the verdict of the jury is in this respect against the weight of the evidence.

" 'However, the question of whether there was any evidence from which the jury could reasonably find that the conduct of defendant was wilful and wanton presents an entirely different question. The distinction between conduct which is wilful and wanton and negligence which is not wilful and wanton, is not easy to define. It is well settled, however, that causes of action based upon the one differ fundamentally in their nature and legal consequences from causes of action based upon the other. [Robbins v. Illinois Power & Light Corp., 255 Ill. App. 106.] Thus contributory negligence, which is a complete defense to an action for mere negligence, is no defense at all where the cause of action is based upon conduct which may properly be defined as wilful and wanton. Further, exemplary or punitive damages may be allowed in an action based on wilful and wanton conduct but may not be allowed in an action brought for mere negligence. Primarily, the words 'wilful and wanton' convey the thought of intentional injury, and this is undoubtedly the reason that contributory negligence is not allowed as a defense

to an action charging facts which constitute wilfulness and wantonness. This does not mean that there must be proof that defendant was actuated by ill will (*Illinois Cent..R. Co.* v. *Eicher,* 202 Ill. 556), but a consideration of the cases discloses that the conduct which in law will be held wilful and wanton must be either such conduct as intentionally inflicts an injury or conduct which ethically, under the facts and circumstances appearing, is the equivalent thereof. [20 R. C. L., Sections 15; 45 *Corpus Juris,* Sections 37-49.]

" 'From the recent cases in our Supreme Court (most of which are cited by plaintiff) we gather there are at least four different classes of conduct which may properly be regarded as wilful and wanton, namely (1) where defendant has inflicted an intentional injury; (2) where defendant has failed to exercise ordinary care when a known and extraordinary danger is imminent (*Walldren Express & Van Co.* v. *Krug,* 291 Ill. 472); (3) where a defendant through recklessness, regardless of the danger to another, has carelessly failed to discover an extraordinary and impending danger which could have been discovered by the exercise of ordinary care (*Brown* v. *Illinois Terminal Co.,* 319 Ill. 326); (4) carelessness so gross in its nature as to indicate a mind reckless and regardless of consequences (*Bremer* v. *Lake Erie & Western R. Co.,* 318 Ill. 11). These cases further hold that ordinarily the question of whether a defendant is guilty under a wilful and wanton count is a question for the jury, provided there is any evidence in the record from which a jury can reasonably find that defendant is guilty of such conduct.' " [Nosko v. O'Donnell, 260 Ill. App. 544, l. c. 551, 552.]

In Denton, Admx., v. Midwest Dairy Prod. Corp., 284 Ill. App. 279, l. c. 283, it is said that the Legislature limited "such actions to instances of misconduct which in their nature border on crime." Even in the narrow limits laid down by these cases there was some evidence of "wilful and wanton misconduct" on the part of defendant, for she was, by her own admission, racing on the highway at the time of the collision. This is declared a crime by statute in Ilinois. Since there was some evidence of such misconduct, it is a question for the jury as to the weight and credibility to be given to such evidence. [Nosko v. O'Donnell, supra; The Walldren Express & Van Co. v. Krug, 291 Ill. 472.] Our Supreme Court has said: "Under the law of Illinois the question of wantonness, wilfulness and recklessness is for the determination of the jury under all the facts and circumstances in evidence in that issue. All of the decisions of that State so hold." [Cox v. Terminal R. Ass'n. of St. Louis, 331 Mo. 910, 55 S. W. (2d) 685, l. c. 687.]

Defendant claims error in the adverse ruling by the court on the following offer of evidence:

"Q. Now, then, I will ask you now, Mr. Heischmidt, to state what, if anything, Mrs. Bishop (Plaintiff's sister and defendant) said in the presence of Mrs. McCarty?

"MR. J. F. O'SULLIVAN: We object to that as not binding.

"THE COURT: Yes. Objection sustained.

"MR. BYERS: We offer to prove by this witness that on the occasion referred to in evidence Mrs. Bishop, in the presence and within the hearing of the plaintiff, Mrs. McCarty, made the statement that the driver of the Buick car had veered over to the left and had struck her car; that is Mrs. Bishop's car, as she was passing the Buick.

MR. J. F. O'SULLIVAN: To which we make the same objection.

"THE COURT: Sustained.

"MR. BYERS: And that such statement on the part of Mrs. Bishop as indicated would be to the effect that the Buick crossed the center line of the road in running into her car.

"MR. J. F. O'SULLIVAN: Now, I make the same objection and on the further ground it is a conclusion.

"THE COURT: Objection sustained."

Defendant urges that the proffered evidence was admissible as a confession by silence. This theory is no doubt correct in a proper offer. [2 Wigmore on Evidence (2 Ed.), pp. 553, 555; 22 C. J., p. 322; State ex rel. Tiffany v. Ellison, 266 Mo. 604; Hoffman v. Hoffman's Executor, 126 Mo. 486, 1. c. 496.] It is unnecessary to discuss the refinements and exceptions to the rule for this is not intended to be a treatise on the subject.

Suffice it to say that defendant did not bring the offered evidence within the rule as laid down in the above cases because there was no claim that the statement was received by plaintiff in silence, and, therefore, acquiesced in by her. It is not claimed that the statement was made *to* her, but only to a third person in her presence; but, in any event, there was no preliminary offer of proof that plaintiff did not deny the same, assuming that the circumstances were such as to call for a denial. [State ex rel. Tiffany v. Ellison, 266 Mo. 604; State v. Hamilton, 55 Mo. 520.] "His assent to them is the thing which makes them admissible against him, and that assent must be shown in some way, *before* the sayings can be admitted." (Italics ours.) [Drumright v. The State, 29 Ga. 430, 1. c. 431.] This is a preliminary matter for the court and not for the jury, to determine its admissibility. [Weightnovel v. State of Florida, 46 Fla. 1; 22 C. J., pp. 325-326; Senn v. The Southern Ry. Co., 108 Mo. 142, 1. c. 150.] We hold the above quotation to be the correct statement of the procedure to be followed in order to make the self-serving declaration of the defendant admissible in evidence against the plaintiff. Even then it is weak in probative force and has been

so considered from the time of the much condemned ruling of Pontius Pilate in the celebrated trial of Jesus.

What has been said of witness Heischmidt's proffered evidence is equally true of that of witness Wendell. The offer was not broad enough to show its competency and no matter what grounds of objection were stated, the court's ruling is correct and will be approved. It is said that the circumstances showed that plaintiff made no denial. Its admissibility, when offered, is not to be determined by speculation or by the trial court going back into all the evidence in connection therewith to determine whether, in his judgment, any denial was made. The offer of evidence, or the question itself, must show that it is removed from the class of evidence that is incompetent and brought within an exception to the general rule. We think entirely too much importance has been attached to this ruling of the court, for the reason that Heischmidt testified that plaintiff herself stated that the accident was caused by the Buick car crossing the center line of the road and striking the car in which she was riding. The evidence excluded would at most only corroborate what plaintiff was said to have directly said. We fail to see how such additional evidence could have materially affected the jury's finding in view of this situation.

Complaint is made that the court sustained an objection to a question propounded to plaintiff asking her if she did not hear defendant say that the Buick car crossed the center of the highway and caused the collision. Note that she was not asked if she did not remain silent and fail to make a denial thereto. Note also that it is not claimed defendant made such a statement to plaintiff but that it was made to a third party in her presence. The question as put was properly excluded on the authority of the cases cited supra. [See, also, Fourth National Bank of St. Louis v. Nichols, 43 Mo. App. 385; State ex rel. Tiffany v. Ellison, supra; Pioneer Cooperage Co. v. Bland, 75 S. W. (2d) 431, l. c. 434; Tralle v. Chevrolet Motor Co., 92 S. W. (2d) 966, l. c. 971; Schwalbert v. Konert, 76 S. W. (2d) 445, l. c. 451.] We reiterate that plaintiff herself was asked if she did not make the same identical statement, which she denied, and defendant impeached her with Heischmidt who testified that she did make such a statement. Thus it is seen that it is idle to argue that the exclusion of the evidence contended for would have had any effect on the mind of the jury under the facts here developed.

Defendant next complains that plaintiff was permitted to withdraw certain questions and answers read into the evidence from the deposition of defendant, said withdrawal being permitted over the objection of defendant. Evidence may be withdrawn by the party offering it, in the discretion of the court, even over the objection of the opposite party, where it was originally admitted over

objection. [Wigmore on Evidence (2 Ed.), Section 17, page 173; 64 C. J., pp. 144-145.] This is on the theory that the court has the inherent right and duty to preserve the record without error and to correct possible error by thus permitting withdawal of evidence about which there may be some question as indicated by the previous objection of the opposite party. That is this case. Defendant had objected to the introduction of the deposition as a whole and also as to the parts offered and it had been admitted over that objection. The court could, within its discretion, permit or refuse its withdrawal. There was no error in so doing. After the proper withdrawal of this evidence, it could not be rebutted by other evidence offered. It was not in the case for any purpose. It was, of course, proper to ask plaintiff about any statements she may have made, as being statements against interest, and the court so ruled; but it was not proper to show the self-serving declarations of defendant, unless they were admissible by reason of some exception to the rule, whether offered in direct testimony or by deposition. Of course, if plaintiff had introduced part of a conversation then defendant would be entitled to have the benefit of the remainder in explanation of the part introduced. [Lyon v. Batz et al., 42 Mo. App. 606; Berry v. Adams, 71 S. W. (2d) 126, l. c. 134.] But here there is no exclusion of any part of the conversation as between plaintiff and witness. Everything plaintiff and witness said to each other was admitted. What defendant is contending for is that the statements of defendant to the witness, made either at that time or later, be admitted; and there was no offer to prove that such statements were not denied by plaintiff. Furthermore, what defendant is alleged to have said to the witness, in the presence of plaintiff, is exactly what plaintiff herself said to the witness, according to the evidence. Therefore, the jury had the full benefit of her direct, positive, admission, so far as the evidence of the witness is concerned. If the jury did not believe the witness as to what plaintiff said, we see no reason to think its verdict would have been influenced by the evidence of the same witness to the effect that defendant said the same thing.

Plaintiff's instruction one is criticised because it is said that it does not require the jury to find any fact which, under the law of Illinois, could constitute wilful or wanton misconduct. The instruction required a finding that defendant was driving at a rate of speed "in excess of 45 miles per hour and at a rate of speed greater than was reasonable and proper, having regard to the traffic and the use of said highway and so as to endanger the life and limb of plaintiff . . . and that such acts, if any, of the defendant, as aforesaid, amounted to wilful and wanton misconduct on her part . . ." The statutes of Illinois, as pleaded and

proved, declare that a rate of speed in excess of forty-five miles per hour shall be *prima facie* evidence that the motor vehicle is being operated at a rate of speed greater than is reasonable or proper. We think it was sufficient finding to be required in this case. The jury is the judge, if it found those facts, of whether they constituted "wilful and wanton" negligence under the circumstances of this case. [Cox v. Terminal R. Ass'n. of St. Louis, supra.] It is also criticised because it does not require a finding that the "wilful and wanton misconduct" was the sole cause of the injuries. The instruction requires a finding: "and that plaintiff sustained injuries as a direct result thereof." Defendant's instruction "F," given as submitted, covered the entire case for defendant and contained the following: "And unless you further find and believe that plaintiff has proved by the preponderance or the greater weight of all the creditable evidence in the case that such wilful and wanton misconduct, if any, *caused or contributed* to the injury of plaintiff." (Italics ours.) If the jury was not properly instructed, this theory of the case was acquiesced in by defendant in her own instructions. [Smart v. Kansas City, 208 Mo. 162.]

There was no error in refusing to instruct that "wilful and wanton misconduct" is an intent to injure. That is not the *only* meaning of "wilful and wanton misconduct." [Nosko v. O'Donnell, supra.] "This was a declaration of an abstract principle of law and the practice is generally condemned." [Underwood v. Hall, 3 S. W. (2d) 1044.] The other complaint as to the refusal to give defendant's submitted instruction H is equally unfounded. An examination of other instructions show that there is no merit in the criticisms offered. The main instruction, "F," given as offered by defendant, committed him to his theory and the other offered instructions were merely modified and made by the court to conform thereto. [Smart v. Kansas City, supra.]

Finally, defendant contends that the verdict of $6000 is excessive. Plaintiff was a school teacher, earning $120 per month before the injury in August of 1931. She was confined to bed six weeks, and was indoors until the following spring. She has been unable to work at any occupation from that time until date of trial. A part of her injuries, if the medical evidence adduced by her as well as her own evidence is to be believed, as, after verdict it must be, are permanent. She has already lost nearly $6000, considering her earning capacity at $1080 per year, with reasonable interest thereon, not to mention doctor bills, her pain and suffering, or her future disability. We think the verdict not excessive.

The judgment is affirmed. *Campbell, C.,* concurs:

PER CURIAM:—The foregoing opinion of Sperry, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.