Patrick Walsh, Appellant, v. Charles Gazin, Appellee.

Gen. No. 41,502.

Heard in the second division of this court for the first district at the October term, 1940. ▬ Opinion filed November 17, 1942. Rehearing denied December 8, 1942.

RYAN, SINNOTT & MILLER, of Chicago, for appellant.

HINSHAW & CULBERTSON, of Chicago, for appellee; OSWELL G. TREADWAY, of Chicago, of counsel.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This appeal by plaintiff, Patrick Walsh, seeks to reverse a judgment entered in favor of defendant, Charles Gazin, in an action brought by plaintiff to recover damages for personal injuries sustained by him when he was struck by defendant's automobile. In addition to the general verdict finding defendant not guilty the jury answered special interrogatories submitted by the court at defendant's request as follows: "Q. Do you find the plaintiff was guilty of wilful or wanton misconduct which proximately contributed to his injury? A. Yes. Q. Do you find that the defendant wilfully or wantonly caused injury to the plaintiff? A. No."

Plaintiff's complaint consisted of two counts, the first of which alleged that he was lawfully crossing Devon avenue a short distance east of Kedzie avenue; that defendant was driving an automobile eastward in Devon avenue; that plaintiff was in the exercise of ordinary care; and that the defendant was negligent in one or more in the following respects: "a, carelessly and negligently drove his automobile; b, drove at a speed greater than was reasonable and proper; c, failed to keep a lookout ahead for pedestrians cross-

ing the street; d, failed to give warning, or to stop to avoid injury, contrary to section 40, chap. 95a, Ill. Statutes (1933)." The second count was identical, except that it omitted the averment of due care on plaintiff's part, and charged the defendant with wilful and wanton conduct.

Defendant's answer denied the various charges of negligence and wilful and wanton conduct alleged in the complaint. This case was tried once before and the jury disagreed. During said first trial defendant filed an amended answer averring that plaintiff was guilty of wilful and wanton conduct which proximately caused the injury and that he was therefore not entitled to recover.

The following is plaintiff's theory of fact. The accident in question happened in daylight (about 6 p. m., May 24, 1934), on a clear, dry day, in Devon avenue at a point approximately 125 or 130 feet east of the east curb line of Kedzie avenue. The western terminus of the Devon avenue street car line was a short distance east of Kedzie avenue. There were 3 street cars standing at the end of the line, 2 of them on the west bound track west of the crossover switch. The third street car stood on the east bound track in the "pocket" between the switch and the end of the east bound street car track. The street car of which plaintiff was the motorman (hereinafter referred to as plaintiff's car) was the easternmost of the 2 cars on the west bound track and its east end was just west of the switch in position to be driven over said switch onto the east bound track so that it might proceed in an easterly direction. The east end of the street car on the east bound track was approximately 25 feet west of the east end of plaintiff's car. Plaintiff had 7 or 8 minutes before his scheduled time to start on his trip east. He stepped down from the south doorway at the east end of his car and started in a southerly direction across Devon avenue to go to a toilet

provided by the street car company on the south side of Devon avenue. When he was about even with the south "edge" of the street car, which was standing on the east bound track, he looked to the west. When he saw that there was no east bound traffic between him and Kedzie avenue, he then proceeded to walk south toward the south sidewalk of Devon avenue. When he first looked to the west, he did not see defendant's automobile because at that time it was west of Kedzie avenue and traveling east about the center of Devon avenue and because his view of the portion of Devon avenue in which said automobile was approaching was obstructed by the standing street cars. The distance between the south rail of the east bound street car track and the south curb of Devon avenue was 14 feet, 7 inches. When plaintiff had taken about 3 or 4 steps south from the south rail he looked to the west again and at that time saw defendant's automobile about 40 or 50 feet to the west of him. Plaintiff took a quick step to get out of the way of defendant's automobile but before he could take a second step and when he was within 2 or 3 feet of the south curb, the right front fender of the automobile struck him. Defendant's automobile was being driven at a speed of between 40 and 50 miles an hour. No horn was sounded or other warning given. Plaintiff was thrown through the air toward the east a distance of 20 to 25 feet and defendant's automobile passed the point where plaintiff's body landed a distance of 20 to 40 feet before being brought to a stop. As a result of the impact the right front fender of defendant's automobile was bent and its right headlight was broken. Defendant knew that employees of the street car company and passengers customarily crossed the street at the point where he drove past the standing street cars.

Defendant's theory of fact is that as he traveled toward the east across Kedzie avenue he was driving at a speed of about 25 miles an hour; that he saw the 3

street cars standing at the end of the Devon avenue line, 2 on the west bound track and 1 on the east bound track; that after he passed Kedzie avenue he continued to drive east along the south portion of Devon avenue about 2 feet from the south curb at a speed of about 25 miles an hour until he was about opposite or a little to the east of the center of the car standing in the "pocket" on the east bound track; that when he was at that point he first saw plaintiff; that the latter walked across the south rail of the east bound track without looking toward the west; that as plaintiff walked across said south rail he was at a distance variously estimated at from 4 to 10 feet east of the street car standing in the "pocket" on the east bound track; that as soon as he saw plaintiff defendant stepped on his brakes; that after plaintiff crossed the south rail he continued to walk toward the south curb; that after plaintiff had taken 3 or 4 steps toward the south curb he hesitated, looked to the west, saw defendant's automobile and then started to run toward the south curb; that he came in contact with the right front portion of defendant's automobile; and that defendant's automobile was traveling with its right wheels about 2 feet from the south curb and was about 15 feet west of plaintiff when the latter got into its path.

Plaintiff's principal contention is that the special verdict of the jury finding him guilty of wilful and wanton conduct is contrary to the law and the evidence.

A careful search of the record fails to reveal any facts or circumstances in evidence which support or tend to support defendant's charge that plaintiff was guilty of wilful and wanton conduct. Plaintiff's conduct at the time of the accident and immediately prior thereto was not such as to constitute wilful and wanton conduct within any of the generally accepted definitions of that term.

In discussing what constitutes wilful and wanton conduct in *Brown v. Illinois Terminal Co.*, 319 Ill. 326, the court said at p. 331:

"A willful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of the impending danger, to exercise ordinary care to prevent it, or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care. (*Lake Shore and Michigan Southern Railway Co. v. Bodemer*, 139 Ill. 596; *Heidenreich v. Bremner*, 260 id. 439; *Illinois Central Railroad Co. v. Leiner*, 202 id. 624.)"

In *Nosko v. O'Donnell*, 260 Ill. App. 544, the court said at p. 552:

". . . a consideration of the cases discloses that the conduct which in law will be held wilful and wanton must be either such conduct as intentionally inflicts an injury or conduct which ethically under the facts and circumstances appearing, is the equivalent thereof."

In our opinion the most that plaintiff could have been guilty of, even under defendant's version of his conduct, would be contributory negligence. The very term wilful and wanton conduct ordinarily connotes conduct which is intentional or the equivalent thereof and is of such a nature as is likely to or does inflict injury to others or to their property. It can hardly be said that plaintiff, whose only purpose in walking across Devon avenue was to go to a toilet on the south side of said street, was guilty of conduct that manifested an intention to injure defendant or his automobile, or of conduct, whereby with knowledge of impending danger, he was willing to inflict injury generally or was indifferent as to whether injury was inflicted on any one, or of conduct which exhibited a reckless disregard for the safety of others.

Circumstances may be conceived under which a pedestrian would be barred from recovery for injuries resulting from his own wilful conduct. However, in so far as we have been able to ascertain it has never been held that a pedestrian was guilty of wilful and wanton conduct merely because of his failure to observe a rapidly approaching automobile until it was close upon him.

The law is well established that wilful and wanton conduct on the part of a plaintiff precludes recovery from a defendant who is also guilty of wilful and wanton conduct and a defendant has the right to raise an issue as to such conduct on the part of a plaintiff in a proper case. Defendant did raise such issue in this case but it became an entirely false issue herein since there was absolutely no evidence to support the charge made in defendant's amended answer that plaintiff was guilty of wilful and wanton conduct.

We are impelled to hold that the submission by the court to the jury of the special interrogatory as to whether plaintiff was guilty of wilful and wanton conduct constituted reversible error inasmuch as there is no evidence in the record to support the special finding that he was guilty of such conduct. Necessarily such finding was against the manifest weight of the evidence.

Since this case must be reversed and the cause remanded for the reasons already stated it is unnecessary to consider plaintiff's contention that the general verdict was against the manifest weight of the evidence.

Other points are urged but in the view we take of this case we deem further discussion unnecessary.

The judgment of the superior court of Cook county is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

FRIEND and SCANLAN, JJ., concur.