**STATE of Missouri, Plaintiff-Respondent,**

v.

**Marvin L. EYE, Defendant-Appellant.**

No. 9287.

Missouri Court of Appeals,
Springfield District.

Feb. 27, 1973.

James R. Robison, Robison & Blanton, Sikeston, Clinton Almond, Hillsboro, for defendant-appellant.

John C. Danforth, Atty. Gen., Vincent F. Igoe, Jr., Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

ROBERT LEE CAMPBELL, Special Judge.

Appellant was found guilty by a jury of burglary second degree and stealing and was sentenced by the Court to a term of two years on the burglary and two years on stealing, said sentences to run concurrently. We reverse for failure of the State to adduce sufficient evidence to make a submissible case for the jury.

Appellant raises two points on appeal. In view of our disposition of this case on appellant's first point that "the circumstantial evidence of his [appellant's] guilt was insufficient to sustain a conviction", we need not rule upon appellant's contention that the Court erred "in allowing the State's witnesses . . . to testify as to tracking which they did in the week following the burglary".

On March 15, 1970, the home of Fred Schiwitz and his brother, Henry Schiwitz, was burglarized while they were at church, and approximately $784 in old bills and coins was stolen from their premises. Only the facts necessary for a determination as to the submissibility of the case against appellant Marvin L. Eye will be set forth in this opinion.

The Schiwitz brothers left home about 9:15 in the morning to attend church and upon returning about 11:15, they found a number of people present at their home and that their home had been ransacked and money taken. Dennis Lambert, a relative of the Schiwitz brothers and a witness for the State, testified that about 9:30 a. m., he passed the Schiwitz home and saw a black car with one person in it parked in front of the home. At that time he was accompanied by his wife. He proceeded to the town of Commerce, left his wife there, picked up another person and went back to the Schiwitz home. He pulled up behind the black car, and the car "took off". He followed the car about a mile and then returned to the house. Upon returning, he got out of his car and started around the house when he saw three men, whom he could not identify, "come from behind the house and run up this big hill behind the house." Shortly after 10:00 o'clock, Jack Stewart, Deputy Sheriff of Scott County, apprehended a black automobile containing one suspect about fifty yards from the Schiwitz home. Another witness testified that about 7:00 a. m., he had seen one Gary Dover and three other men in a black "Chevy" in Commerce. Appellant was arrested in the company of another suspect between 1:30 and 2:00 p. m., approximately three to three and one-half miles from the Schiwitz home. At the time of appellant's arrest, Gary Dover was found "about ten feet away hiding beside a tree with some brush hanging down from it." At the time of the arrest, appellant was searched by Deputy Stewart. He was asked, "What, if anything, did you find on Mr. Eye?". His answer was, "Nothing out of the ordinary."

The burglary occurred on Sunday morning. On Monday, Wednesday, Thursday, Friday and Saturday, at different times and places, two relatives of the Schiwitz brothers located tracks of three persons at various points between the Schiwitz home and the place where appellant was arrested. There was no testimony as to any set of tracks leading from the Schiwitz home to the place where appellant was arrested. Snow had fallen on Monday night and Tuesday following the burglary. The two witnesses testified as to the tracks found, bills, coins, and a coat (the contents of which were linked to Gary Dover) at various places between the Schiwitz home and the place where appellant was arrested. One of the tracks had a "sharper heel print, made a distinct print from the soft ground." Deputy Stewart testified that he did not check to see whether or not appellant's shoes would fit any of the footprints described.

The only other item of evidence remotely connecting appellant with the crime in question is the testimony of a law enforcement officer that, at approximately 10:30 a. m., he saw three unidentified men at a point between the Schiwitz home and the place where appellant was arrested, that he fired his shotgun in the air, and that he never saw the three men again.

■ As the foregoing evidence discloses, the only connection between appellant and the burglary and stealing in question was his arrest in close proximity to Gary Dover, whom the State connected with the burglary by reason of his coat and the contents thereof. Appellant's explanation that he was in the woods hunting mushrooms on March 15 at the time of his arrest has no influence upon the Court. The writer of this opinion, although from a metropolitan area, fully realizes that March 15 is too early to hunt mushrooms; however, this explanation by defendant as to his reason for being in the area is immaterial to the result herein reached. Appellant is under no duty to prove his innocence; the burden of making a submissible case against the appellant is upon the State.

■ In a case where a conviction depends upon circumstantial evidence, "the circumstances, to warrant a conviction, must be consistent with each other, must tend to prove guilt, and not only must be consistent with the hypothesis of the de-

fendant's guilt, but must be inconsistent with every other reasonable hypothesis, including the hypothesis of his innocence." State v. Pritchett, 327 Mo. 1143, 39 S.W.2d 794 (1931). State v. Tracy, 284 Mo. 619, 225 S.W. 1009 (1920), and State v. Watson, 350 S.W.2d 763 (Mo.1961), are in accord with this principle of law. As the Court stated in State v. Tracy, supra: "At the utmost, the evidence suffices . . . to raise a suspicion—perhaps a strong suspicion—that appellant had some guilty connection with the burglary. But men are not to be convicted upon suspicion, but upon proof." State v. Watson, supra, likewise holds that "mere suspicion . . . however strong, is not sufficient to authorize a criminal conviction." We are in accord with the law set forth in these opinions.

In the instant case, there is no evidence whatsoever connecting the appellant with the burglary and stealing of the Schiwitz brothers' home. The mere fact that appellant was found in close proximity to two other persons, one of whom being connected with the burglary and stealing from the Schiwitz home, is not sufficient to make a submissible case and convict appellant of the crime of burglary and stealing. The facts held insufficient to support a conviction in the *Tracy* and *Watson* cases are much more persuasive to support a conviction than the facts in this case. This Court, as did the jury, might have strong suspicions as to the guilt of appellant in this case. Strong suspicions are not sufficient to convict a person of a crime under our system of jurisprudence. It is necessary that there be some evidence, however slight, which would directly link appellant to the commission of the crime of which he is charged. In view of the evidence set forth, it is possible that appellant encountered a person connected with the crime by mere coincidence. We do not so hold, but merely use this example to illustrate that the evidence presented by the State failed to connect appellant with the crime by sufficient circumstantial evidence

to warrant a conviction proving appellant's guilt beyond a reasonable doubt.

Inasmuch as the State has presented all of the evidence available against appellant, and such circumstantial evidence is not inconsistent with appellant's innocence, we must order the Judgment and Sentence against appellant reversed and order appellant discharged.

TITUS, C. J., HOGAN, and BILLINGS, JJ., and PAUL E. CARVER, Special Judge, concur.

STONE, J., not sitting.