**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Robert GALES, Defendant-Appellant.**

**No. 35433.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 5, 1974.

James C. Jones, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James J. Barta, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

McMILLIAN, Judge.

This is an appeal by defendant from a judgment of conviction entered by the Circuit Court of the City of St. Louis, Missouri, upon a jury verdict finding defendant guilty of murder in the first degree, § 559.010, RSMo 1969, V.A.M.S., (felony murder). Defendant, thereafter, pursuant to § 556.280(1), RSMo 1969, V.A.M.S., was sentenced by the trial court to life in the custody of the Department of Corrections.

On appeal defendant's sole contention is the sufficiency of the evidence to withstand his motion for judgment of acquittal at the close of the State's case because the evidence was insufficient (1) to prove that defendant caused the death of Mrs. Phillips, and (2) to prove that defendant committed a robbery. State v. Pritchett, 327 Mo. 1143, 39 S.W.2d 794 (1931); State v. Conway, 351 Mo. 126, 171 S.W.2d 677 (1943); State v. Castaldi, 386 S.W.2d 392 (Mo.1965); State v. Irby, 423 S.W.2d 800 (Mo.1968); State v. Bunton, 453 S.W.2d 949 (Mo.1970); State v. Eye, 492 S.W.2d 166 (Mo.App.1973). We are not persuaded by defendant's arguments, and, accordingly affirm the judgment of the trial court.

The State called sixteen witnesses and the evidence showed that the victim Mrs. Tessie Phillips, age 84, lived alone. Mrs. Lorraine White, a next door neighbor, last saw the victim alive at 2:00 or 3:00 P.M., on September 16, 1972. The next day Mrs. White noticed that a flower box was on Mrs. Phillips' porch, a trash can pushed over, and the victim's window shades were down. She called the police. When the officers arrived, the doors were locked so they broke open the back door. On the bed they found the victim, her hands and feet were tied, a gag was in her mouth, her face was discolored, and she showed no signs of life. An autopsy performed by the Coroner's physician at the morgue revealed that death was caused by an external force being applied to the body with massive contusions of the brain and aspiration of blood.

All three rooms in the victim's apartment were disarranged and ransacked. Fingerprints taken from the victim's jewelry box found in her bedroom were positively identified as belonging to defendant.

Miss Joaquinta Reason testified that at between 2:00 and 3:00 A.M., on September 17, 1972, defendant came to her apartment and left a television set and a fan. In court she identified both the television and fan and stated that she gave both items to the police. Mrs. Odessa Phillips, the victim's daughter-in-law identified both the television set and fan, and testified that both articles were contained in the victim's

apartment. She also said that she purchased the television and fan for the victim, and that both were missing from her mother-in-law's apartment on the morning of September 17, 1972, when the victim's body was discovered.

Two patrolmen who arrested defendant September 17, 1972, identified a watch, a ring, and a necklace taken from defendant at the time of his arrest. Mrs. Odessa Phillips also identified them as the victim's property. She testified that she last saw them when she visited her mother-in-law about a week prior to her death.

At the close of the State's evidence, defendant neither testified nor produced any other witnesses. In determining the sufficiency of the evidence in a criminal case after a verdict of guilty, the court accepts as true all the evidence in the record tending to prove the defendant's guilt—whether such evidence is circumstantial in nature, together with favorable inferences that can be reasonably drawn therefrom and disregards all contrary evidence and inferences. State v. Johnson, 457 S.W.2d 795, 797 (Mo.1970).

■ Much of the evidence in the instant case is circumstantial. But, the rule in Missouri is, that in order to convict upon circumstantial evidence, the circumstances must be consistent with each other and with the theory of the defendant's guilt and inconsistent with innocence, and *must exclude every other reasonable hypothesis except for guilt*. State v. Burnley, 480 S.W.2d 881 (Mo.1972). However, the circumstance shown need not demonstrate impossibility of innocence. State v. Taylor, 445 S.W.2d 282, 284 (Mo.1969).

■ From the evidence here it is clear that at some point during the time when Mrs. Tessie Phillips was last seen by Mrs. White and the time her body (ten to twelve hours) was discovered her apartment was ransacked and various articles taken, defendant was in her apartment and came into possession of the victim's property. Proof that fingerprints found in the place where a crime is committed under such circumstances that they could only have been impressed at the time the crime was committed—corresponding to those of the accused—may be sufficient proof of identity to sustain a conviction. State v. Thomas, 452 S.W.2d 160, 163 (Mo.1970).

■ Sometime during the period 2:00–3:00 P.M., September 16, 1972, to 8:00 A.M., September 17, 1972, Mrs. Tessie Phillips died. Medical testimony was that she died from the application of an external force to her body and that her death was not the result of natural causes. She was found bound, gagged and brutally beaten in her bedroom; in the same room where her body was found defendant's fingerprints were found not only upon her jewelry box, but also her wedding ring was found on defendant's person at the time of his arrest. Also other jewelry found upon defendant was identified as that belonging to the victim. To make the above circumstances even more telling, between 2:00 and 3:00 A.M., September 17, 1972, defendant delivered the victim's property to the witness, Miss Reason. We hold that the circumstances shown herein are consistent with the theory that Mrs. Tessie Phillips met her death during the course of a robbery, and points to defendant's guilt and is inconsistent with innocence, and excludes beyond a reasonable doubt every other reasonable hypothesis except guilt. See People v. Adamson, 27 Cal.2d 478, 165 P.2d 3 (1946) aff'd, 332 U.S. 46, 67 S.Ct. 1672, 91 L.Ed. 1903 (1947), where the California Supreme Court entertained a case very similar to the instant one. There the fingerprints of the defendant were found in the victim's apartment, the tops of three women's stockings were found in the defendant's apartment, and it was established that the victim's body was found without shoes and stockings. It was also shown that the rings which the victim wore were not found on her body and that a witness had heard defendant ask a third party if he was interested in buying a ring. Judge

Traynor, writing for the court, made short shrift of defendant's contention that the evidence was insufficient to identify him as the perpetrator of the murder and burglary, stating:

"From the foregoing evidence a reasonable jury could conclude that beyond a reasonable doubt defendant committed the murder and burglary." Id., 165 P.2d at 6.

Consequently, we rule that there was substantial evidence presented by the State against the defendant to support the jury's conclusion that he was guilty beyond a reasonable doubt of killing Mrs. Tessie Phillips in the perpetration of a robbery. Therefore, the judgment of conviction is affirmed.

SMITH, P. J., and CLEMENS and GUNN, JJ., concur.