**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Walter Eugene MORSE, Defendant-Appellant.**

**No. 9613.**

Missouri Court of Appeals,
Springfield District.

Oct. 29, 1974.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

John L. Woodward, Steelville, for defendant-appellant.

TITUS, Judge.

A jury convicted defendant of second degree burglary of and stealing from Carl Willhite's house located on Highway 95 north of Dawson, Missouri. Having been tried under the habitual criminal law, the court sentenced defendant to 10 years for burglary and 5 years for stealing. The state's proof was purely circumstantial; none was offered by defendant. We reverse and order defendant discharged.

Recounted most favorable to the state, the facts are: At 10 p. m. September 5, 1971, Willhite locked his house and departed. He did not return again until 6 p. m. September 7, 1971, at which time he found his home had been forcibly entered and that several household items were missing. These items (television, refrigerator, washer, dryer, sofa and chair) were never recovered. Four muddy tire marks, made by rear dual wheels, were observed on the concrete patio. The authorities testified that three weeks after the crimes were discovered, a truck was found in defendant's possession at Rolla, Missouri, and that three of the truck's four rear tires had treads identical to three of the four tire marks discovered on the patio. A witness told the jury that at 2 a. m. September 6, 1971, he saw defendant "a mile or mile and a half" from the Willhite residence standing on a road near a truck. The witness related the truck was similar in type to defendant's vehicle but that he did not see what, if anything, was in the truck.

◼ In deciding the sufficiency of the foregoing evidence to sustain the conviction, we must accept it, and all inferences reasonably to be drawn therefrom, as true. State v. Walker, 365 S.W.2d 597, 599 [2] (Mo.1963). The inquiry, therefore, is: What did the state's evidence establish? It established: (1) At some unknown time between 10$^5$ p. m. September 5, 1971, and 6 p. m. September 7, 1971, a burglary and stealing occurred at the Willhite house; (2) at some unknown time between the times and dates just mentioned, defendant's truck was on the Willhite premises; and (3) at 2 a. m. September 6, 1971, defendant was at a point one to one and a half miles from Willhite's home. However, the evidence did not establish: (a) What time or approximate time the crimes were committed during the two days involved; (b) that the crime of burglary and the crime of stealing were committed at the same time; (c) that the person or persons who committed the crime of burglary were one and the same person or persons who committed the crime of stealing; (d) that defendant's truck was on the Willhite property at the time the crimes were committed; (e) that defendant was present at the Willhite house when the crimes were committed or at any other time; (f) that defendant's presence on the road a mile or a mile and a half from Willhite's home at 2 p. m. September 6, 1971, occurred at a time reasonably close to the time the crimes were com-

mitted; or (g) that the stolen items were ever on defendant's truck or in defendant's possession.

 When evidence of defendant's agency in connection with a charged crime is entirely circumstantial, the facts and circumstances relied on to establish guilt must not only be consistent one to another and with the hypothesis of guilt, they must also be irreconcilable and inconsistent with defendant's innocence and must so satisfactorily and clearly point to his guilt as to exclude every reasonable hypothesis of innocence. State v. Thomas, 452 S.W.2d 160, 162 (Mo.1970). "Measured by this test, can it be said that the showing relied on by the state is irreconcilable with the hypothesis of the innocence of the accused? We think not. It may be conceded, for present purposes, that the evidence is sufficient to justify the inference that the [defendant's truck was employed to haul away the items stolen from Willhite's home]. But this is not enough. In order to directly connect defendant with the crime it is necessary to infer, also, that from his . . . ownership of the [truck] he was present and participated in the [burglary and] larceny; and this, we hold, is not a permissible inference." State v. Schrum, 347 Mo. 1060, 1065, 152 S.W.2d 17, 19–20 [3] (1941). Moreover, the fact that the defendant may have been present at the scene of the crime (and there was no evidence in this case that he ever was) or that he may have possessed the opportunity to commit the crime, is not circumstantial evidence sufficient to justify a conviction. State v. Lane, 497 S. W.2d 207, 209 [2] (Mo.App.1973). The mere fact that defendant was seen at 2 a. m. September 6, 1971, within a mile or a mile and a half of the Willhite house and that his truck was on the Willhite premises at some time during the absence of Willhite from his home, does nothing more than raise a suspicion of defendant's guilt. Of course, a verdict based on suspicion, conjecture or on surmise, however strong, is not sufficient to permit a criminal conviction. State v. Eye, 492 S.W.2d 166, 168 (Mo.App.1973). There being no substantial evidence of defendant's guilt, his motion for judgment of acquittal should have been sustained. Accordingly, the judgment is reversed, and as it does not appear that upon another trial a submissible case might be made [State v. Goodman, 449 S.W.2d 656, 662 [16] (Mo.1970)], defendant is ordered discharged.

HOGAN, C. J., and STONE, BILLINGS and FLANIGAN, JJ., concur.