**STATE of Missouri, Plaintiff-Respondent,**

v.

**Clarence BENNETT, Defendant-Appellant.**

**No. 38504.**

Missouri Court of Appeals, St. Louis District, Division One.

Dec. 6, 1977.

Motion for Rehearing and/or Transfer Denied Jan. 18, 1978.

Application to Transfer Denied Feb. 8, 1978.

Tofle, Mack & Oxenhandler, Ollie R. Mack, Columbia, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, James G. Gregory, Pros. Atty., Montgomery County, Montgomery City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant Clarence Bennett appeals from a judgment of conviction entered by the circuit court of Montgomery County, on a jury verdict finding him guilty of stealing property of the value of more than $50.00, § 560.156, RSMo 1969, and sentencing him to two years in the custody of the Department of Corrections. In reviewing the record, we view the evidence and inferences reasonably to be drawn therefrom in a light most favorable to the state.

On November 3, 1975, Claude Perry parked his Ford pickup truck on the street in Wellsville, Missouri. Mr. Perry left his truck unlocked at 7:00 a.m., on his way to move cattle. Located on a gun rack in the cab of the truck was Perry's .22 caliber automatic rifle.

At approximately 8:00 a.m., on the day in question, Benny Beshears and Frank Koester were driving through Wellsville on their way to go duck hunting. In doing so, they noticed Perry's truck parked near a 4-way stop in Wellsville. Both Beshears and Koester knew Claude Perry and were aware of the fact that he kept his rifle in his truck. As they approached the location of Perry's truck, Beshears and Koester noticed a person who they later identified as the defendant moving suspiciously near the truck. The defendant was carrying a rifle. Upon further observation, they witnessed defendant "sneaking" in a crouched position alongside a car. Defendant proceeded to throw the rifle in the passenger side and run around to enter the driver's seat. Beshears and Koester pulled up to where the defendant's vehicle was located. Both yelled at him, but he failed to respond. Koester alighted from his vehicle and stepped in front of defendant's vehicle. Defendant swerved to avoid striking Koester and drove off along Highway 19. Koester recorded the license number of the vehicle and reported the occurrence to John Whyte, Chief of Police in Wellsville.

Upon returning to his truck, Claude Perry discovered his rifle was missing and reported the theft to John Whyte. The rifle was found three days later in the backyard of Chief Whyte's home. The chief's ten-year-old son discovered the firearm while playing in the backyard. Apparently the gun had been abandoned by someone throwing it over a fence which borders the chief's yard. An alley runs adjacent to the backyard which intersects with Highway 19. Rain had caused rust to form on the rifle, consequently no fingerprints were traceable.

Defendant was apparently apprehended through the use of the license recorded by Frank Koester. Defendant was subsequently charged and convicted of stealing property of the value of more than $50.00. This appeal follows.

On appeal defendant contends the court erred in overruling defendant's motion for judgment of acquittal at the close of all the evidence for the reason that, ". . . the State failed to connect the accused with the disappearance of or possession of the missing rifle by sufficient circumstantial evidence to warrant a conviction proving defendant's guilty (sic) beyond a reasonable doubt." Although defendant's brief alludes to the sufficiency of the evidence to support a conviction, we believe that defendant's

principal contention is that no submissible case was made. The record does not contain direct evidence of the defendant entering the truck and removing the rifle. Therefore, our determination is limited to whether the state presented sufficient circumstantial evidence to make a submissible case.

■ Defendant contends that presence at the scene of the crime alone is insufficient to make a submissible case. While we agree that presence is insufficient alone, it is evidence to consider in determining guilt. *State v. Simmons*, 494 S.W.2d 302 (Mo. 1973). Further, flight from the scene of a crime is not sufficient to make a submissible case; however, it may also be considered. *State v. Simmons*, supra.

■ Defendant was charged with stealing property of a value of more than $50.00. The elements of this crime have been defined to mean the felonious taking and carrying away of the property of another. *State v. Eye*, 415 S.W.2d 729, 730[2] (Mo. 1967). Implicit in this crime is the showing of affirmative participation. Therefore, our courts require some evidence of defendant's affirmative participation in the offense to support a conviction. *State v. Reed*, 453 S.W.2d 946 (Mo.1970). Thus to make a submissible case, the state is required to provide some evidence of affirmative participation. *State v. Burks*, 521 S.W.2d 11 (Mo.App.1975).

■ The evidence to show affirmative participation may be circumstantial. To warrant a conviction or make a submissible case, however, based on circumstantial evidence, the facts and circumstances must be consistent with each other, must tend to prove guilt, and not only must be consistent with the hypothesis of defendant's guilt, but must be inconsistent with every other reasonable hypothesis of innocence. *State v. Eye*, 492 S.W.2d 166, 167–168 (Mo.App. 1973); *State v. Burnley*, 480 S.W.2d 881, 882 (Mo.1972).

■ Defendant contends there is no evidence, circumstantial or otherwise, that he removed the rifle or at any time had it in his possession, and therefore, the jury was required to speculate. While the record is absent of any direct evidence, the facts in evidence give rise to a strong inference on which a jury could reasonably believe affirmative participation. We are aware of no case that requires the state to show affirmative participation by means of direct evidence. Such a requirement would impose a heavy burden which is frequently beyond proof.

Here defendant was seen within 18″ of Mr. Perry's truck. He was seen by two eyewitnesses carrying a rifle that resembled the stolen firearm. Further his conduct in "sneaking" around in a crouched position towards a car used to hastily leave the scene gives rise to the inculpatory inference. Although not probative by itself, defendant's failure to respond to Beshears and Koester at the scene corroborates the inference of perpetration.

Taken as a whole, we believe that the evidence shows more than presence of the defendant at the scene of the crime, and that there was sufficient circumstantial evidence to make a submissible case. Further, we believe that the circumstantial evidence is inconsistent with every other reasonable hypothesis of innocence.

Accordingly, we hold the court did not err in overruling defendant's motion for judgment of acquittal.

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.