Robert GALES, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 38702.

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 26, 1978.

Huck, Kasten, Inc., St. Louis, for movant-appellant.

John D. Danforth, Atty. Gen., Paul R. Otto, John M. Morris, Carson Elliff, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Thomas C. Muldoon, St. Louis, for respondent.

SMITH, Judge.

Movant appeals from the trial court's order, following evidentiary hearing, denying movant relief pursuant to Rule 27.26. We affirm. Movant was convicted in 1973 of murder in the first degree and sentenced to life imprisonment by the court pursuant to the second offender act. The conviction was affirmed on appeal. *See State v. Gales,* 507 S.W.2d 35 (Mo.App.1974).

Movant's first contention is that the substituted information charged a different offense than the original indictment in violation of Rule 24.02. The original indictment was in two counts. The first was Murder First Degree and the second, Stealing from a Dwelling. The information filed in lieu of the indictment charged only Murder First Degree. The case was submitted to the jury only on the theory of felony-murder, the felony being robbery. Defendant infers from the indictment that the Grand Jury failed to find probable cause for the charge of robbery. Therefore, he argues the substituted information charges an additional and different offense from that charged by the indictment.

Both the original indictment and the substituted information charged the defendant with Murder First Degree in the common form, that is, willful, premeditated, deliberate killing with malice aforethought. Felony-murder was not, at the time of movant's trial, a distinct offense but only a means of committing murder in the first degree. The underlying felony was not an element of first degree murder; it merely provided the means of proving the felonious intent for first degree murder. *State v. Chambers,* 524 S.W.2d 826 (Mo. banc 1975) [4]. Thus a charge of Murder First Degree in the usual and common form allowed proof of a homicide committed in perpetration of one of the enumerated felonies, such as robbery. *State v. Granberry,* 484 S.W.2d 295 (Mo. banc 1972) [11, 12]; *Boothe v. State,* 534 S.W.2d 74 (Mo.App.1976) [2, 3]. The offense charged in Count I of the original indictment and in the amended information was exactly the same. The amended information simply dropped the second count. We will not and need not engage in guessing games as to what the grand jury intended by its two count charge. There is no variance between the murder charged in the indictment and that charged in the information.

Movant's second point is that he was denied effective assistance of counsel due to failure of his attorney to produce two defense witnesses. This contention is based both upon movant's claim that counsel did not expend sufficient effort to locate the witnesses and the state did not provide sufficient funds to the Public Defender's Office for it to conduct a nationwide search for these witnesses. Movant admitted he burglarized the home of the victim but testified she was alive when he left and that shortly thereafter he saw the two witnesses enter the house. At the evidentiary hearing movant testified that, if the witnesses

had been available, they would have taken the stand and admitted killing the victim and that movant was not a participant.

The trial court found that counsel had conducted an adequate search for the witnesses. We agree. The record shows that counsel followed up every lead given to him by movant or by movant's family or others but was unable to locate the witnesses. The information given, other than the names, was spotty and indefinite at best. The investigation conducted was adequate under the circumstances (*Pickens v. State*, 549 S.W.2d 910 (Mo.App.1977) [4, 5]) and was a good faith effort to locate the witnesses (*State v. Davis*, 505 S.W.2d 115 (Mo. App.1973) [5]). We do not find the trial court's finding clearly erroneous. Movant has filed a pro se brief in addition to that filed by his counsel. His contention that the trial court failed to make an adequate finding that movant was a second offender is inaccurate in law and fact, unpreserved, untimely and non-prejudicial. His attack on a reasonable doubt instruction is unsupported by law, unpreserved and untimely.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.