**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Danny Wayne DUVALL,
Defendant-Appellant.**

**No. 42860.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 9, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 6, 1981.

Application to Transfer Denied
Sept. 2, 1981.

**150**

William J. Shaw, Public Defender, Michael R. Young, Asst. Public Defender, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

WEIER, Judge.

Defendant Danny Wayne Duvall appeals from his judgment of conviction for burglary and stealing, contending, among other things, that the State failed to prove the charges brought against him. We therefore review the evidence.

Mrs. Rose Newman was a victim of a burglary and theft at her home in Richmond Heights, Missouri. While she was absent during the day of August 12, 1979, her home was entered apparently from the rear where a screen had been broken and a number of items were taken. Among these were two television sets, $200 in cash, a gold chain necklace, a diamond watch, two sets of silver flatware and other items. One of the television sets she described as being two years old with a 19-inch screen and the second was three years old. Both were color sets and both had a woodgrain finish on the exterior of the cases. The items of property were never recovered and

were never found in the possession of the accused.

One witness who resided nearby testified that between 4 and 5 o'clock on the afternoon of August 12, 1979, he left his apartment in his automobile. At the street corner he noticed a parked automobile. Two men were putting several things in the trunk of this car. One was a television set. The vehicle was a yellow Chevrolet which was later identified as being operated by the defendant. The witness wrote down the license number. He was a salesman of professional sound systems and also had some experience selling television sets. He estimated the age of the television set that was placed in the trunk to be at least ten years. He described the television cabinet as being white-beige and that it appeared "pretty old." It was not woodgrained. He identified the defendant Duvall as being one of the men engaged in putting the television and another object in the trunk of the yellow Chevrolet.

A lady who was a witness for the State testified that she was painting the east side of her house on the day of the burglary. She saw defendant and another man get out of the car and go west past her house in the direction of the house of Mrs. Newman. But she never saw them at the Newman house. They had nothing in their hands when they went in that direction. Later when they returned she saw them carrying a television set and a large object like a suitcase. Both of these objects were placed in a yellow car and it was driven away.

From the information on the license number supplied by the man who lived in the apartment building, the police arrested Duvall and charged him with the burglary of the Newman house.

As is pointed out by the defendant, there was no evidence that he was actually upon the premises occupied by Mrs. Newman. There was no evidence that the defendant was in possession of any of the stolen property. The television set described as being in the possession of the defendant does not fit the description of the stolen property as given by Mrs. Newman. Mrs. Newman re-

ported the theft of two colored television sets much newer than the one described by the salesman. She stated that both of the sets had woodgrained cases whereas the television set seen by the witness was a white-beige cabinet and was approximately ten years old. There is proof that the defendant was in the neighborhood and that he was seen carrying some objects and placing them in his automobile between 4 and 5 p. m. but there is no evidence that the burglary at Mrs. Newman's house was committed at that time. She did not notify the police until some nine hours later. In addition, no fingerprints were found at the burglarized premises.

We conclude that the evidence is insufficient to place defendant at the scene of the crime or to show that the defendant was in possession of the property stolen from Mrs. Newman. The evidence may cast a suspicion upon the defendant but the facts proven by the State are not inconsistent with the innocence of the defendant and are not inconsistent with the possibility that the burglary and stealing may have been committed by someone other than the defendant. A conviction cannot be upheld on a mere possibility or suspicion. *State v. Thompson*, 428 S.W.2d 742, 744 (Mo.1968); *State v. Morse*, 515 S.W.2d 608 (Mo.App. 1974).

Since there was no substantial evidence of defendant's guilt, the motion for judgment of acquittal should have been sustained. The judgment is therefore reversed; and since it does not appear that upon another trial a submissible case might be made, the defendant is ordered discharged.

PUDLOWSKI, P. J., and GUNN, J., concur.